FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 9 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ORAYNE McEACHRON,

               Plaintiff,

- against -

THE CITY OF NEW YORK,
P.O. LUIS MATTHEWS, and P.O. VAZQUEZ,
Individually and in their official capacities (the name
John Doe being fictitious as the true names are presently
unknown),

               Defendant.
------------------------------------------------------------------x

DKT#:
**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

CV 14   2941

GLEESON, J.

LEVY, M.J.

Plaintiffs, ORAYNE McEACHRON, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ORAYNE McEACHRON, is An African-American male, a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. LUIS MATTHEWS and P.O. VAZQUEZ, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On February 7, 2014, at approximately 9:00 p.m. the Plaintiff was working in his capacity as a pizza delivery driver. At the time of the incident in this case, the Plaintiff was in the vicinity of 137th Avenue and 168th Street in the County of Queens.

14. While driving his vehicle he observed 2 individuals run across the street. One of these two individuals was P.O. LUIS MATTHEWS. It appeared that P.O. LUIS MATTHEWS was chasing the other individual.

15. P.O. LUIS MATTHEWS tackled the individual he was chasing to the ground.

16. P.O. LUIS MATTHEWS began punching the individual he tackled to the ground, despite the fact that the individual was not fighting back or resisting at that point in time.

17. While speaking through his open car window, the Plaintiff said to P.O. LUIS MATTHEWS "stop doing that. You can't be hitting him like that."

18. P.O. VAZQUEZ then ran up, dropped to the ground, and elbowed the individual on the ground despite the fact that he was not fighting back or resisting at that point in time.

19. The Plaintiff said to P.O. LUIS MATTHEWS and P.O. VAZQUEZ, "stop doing that. You can't be hitting him like that."

20. P.O. VAZQUEZ turned his attention to the Plaintiff and said "keep driving".

21. The Plaintiff said, "I will, but stop hitting him like that".

22. P.O. VAZQUEZ ordered the Plaintiff to "step out of the car".

23. P.O. VAZQUEZ ordered the Plaintiff to "get on the ground".

24. The Plaintiff complied with P.O. VAZQUEZ's orders to step out of the car and get on

the ground.

25. P.O. VAZQUEZ handcuffed the Plaintiff while he was on the ground and then, while handcuffed, P.O. VAZQUEZ punched the Plaintiff two times in the mouth. The punches by P.O. VAZQUEZ caused the Plaintiff physical injury, pain and suffering.

26. The handcuffs placed on the Plaintiff were unreasonably tight. The Plaintiff asked for P.O. VAZQUEZ to loosen the handcuffs. In response, P.O. VAZQUEZ tightened the handcuffs. As a result, the Plaintiff endured pain and suffering.

27. The Defendant Police Officers intentionally destroyed Plaintiff's cellular telephone.

28. The Plaintiff was taken into custody and held in custody for approximately 20 hours and charged with Disorderly Conduct, Resisting Arrest, and Obstruction of Justice.

29. The Plaintiff was not acting in a disorderly manner, he did not resist arrest and complied with all police orders, and he did not obstruct justice or interfere with any lawful activities of the police.

30. The Plaintiff was arrested without probable cause.

31. The Plaintiff's charges were adjourned in contemplation of dismissal.

32. As a result of the foregoing, the plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

45. As a result of the foregoing, the plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

### FOURTH CLAIM FOR RELIEF
### <u>FIRST AMENDMENT VIOLATION UNDER 42 U.S.C § 1983</u>

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. A citizen's right to freedom of speech is a well-established liberty safeguarded by the First Amendment of the United States Constitution.

48. Defendant, P.O. VAZQUEZ, deprived Plaintiff of his well-established right to Freedom of Speech under the First Amendment of the United States Constitution, as well as his right to be free from the excessive use of force against him and to be free from being arrested without probable cause.

49. P.O. VAZQUEZ used Excessive Force against the Plaintiff in order to deprive Plaintiff of his First Amendment rights under the United States Constitution.

50. P.O. VAZQUEZ falsely arrested the Plaintiff in order to deprive Plaintiff of his First Amendment rights under the United States Constitution.

51. As a result of the foregoing, the plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## FIFTH CLAIM FOR RELIEF
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C § 1983

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. A citizen's right to freedom of speech is a well-established liberty safeguarded by the First Amendment of the United States Constitution.

54. Defendant, P.O. VAZQUEZ, deprived Plaintiff, of his well-established right to Freedom of Speech under the First Amendment of the United States Constitution, as well as his right to be free from Excessive use of Force under the Eight Amendment of the United States Constitution.

55. The deprivation suffered by the Plaintiff would likely deter First Amendment activity in the future.

56. P.O. VAZQUEZ used Excessive Force against the Plaintiff in order to deprive Plaintiff of his First Amendment rights under the United States Constitution.

57. P.O. VAZQUEZ falsely arrested the Plaintiff in order to deprive Plaintiff of his First Amendment rights under the United States Constitution.

58. The First Amendment activity of verbally telling the police officers to stop assaulting, beating, and using excessive force against the individual that was tackled by P.O. LUIS MATTHEWS, was a motivating factor in P.O. VAZQUEZ's decision to take retaliatory action against the Plaintiff.

59. P.O. VAZQUEZ's retaliatory actions included using Excessive Force against the Plaintiff and falsely arresting the Plaintiff.

60. As a result of the foregoing, the plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## THEORY OF LIABILITY
## (as to P.O. LUIS MATTHEWS)

61. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. P.O. LUIS MATTHEWS is liable for his direct participation in the aforementioned unlawful activities, and also for failing to intervene in all of the aforementioned unlawful actions by P.O. VAZQUEZ despite having ample opportunity to intervene.

## DAMAGES AND RELIEF REQUESTED

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

65. By reason of the aforesaid conduct by defendants, plaintiff is entitled to special and compensatory damages, punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action.

Dated: New York, NY
April 28, 2014

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832